UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2001 JAN -5 PM 1: 47

LORETTA G. WHYTE
CLERK

Eddie Stewart                                     *        CIVIL ACTION NO.: 00-0005
                                                  *
versus                                     .      *        SECTION: "N"
                                                  *
Radisson Hotel Corp., 1500 Canal Street Investors, *
L.P., Patriot American Hospitality Operating      *        MAGISTRATE: 2
Partnership, L.P., and National Union Fire        *
Insurance Company                                 *
                                                  *
*  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *

## MOTION AND INCORPORATED MEMORANDUM TO COMPEL ANSWERS TO INTERROGATORIES AND RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS

NOW INTO COURT, through undersigned counsel, comes Eddie Stewart, plaintiff in the above captioned matter, who suggest to court that:

I.

On or about June 18, 2000, counsel for plaintiff, Eddie Stewart, served upon Radisson Hotel Corporation, through their attorney of record, Elizabeth O. Clinton, Interrogatories, Request for Production of Documents and Request for Admissions that were propounded under the authority of the Federal Rules of Civil Procedure. (See Exhibit "A")

II.

Prior to and subsequent to the undersigned's November 13, 2000, December 5, 2000 and December 18, 2000 correspondence to attorney for defendant, Elizabeth O. Clinton, the undersigned and defense counsel have conferred concerning defendant's failure to respond to plaintiff's written discovery requests. (See Exhibit "B")

III.

Radisson Hotel Corporation has not served upon plaintiff, Eddie Stewart, either answers,

Fee
Process
X Dktd
CtRmDep
Doc.No.

responses or objections to these Interrogatories and Request for Production of Documents,

therefore unnecessarily delaying plaintiff's trial preparation.

IV.

Plaintiff is entitled to the discovery requested, and an order deeming the Request for

Admissions to be Admitted.

WHEREFORE, plaintiff prays that defendant, Radisson Hotel Corporation, be compelled

to produce the discovery propounded by plaintiff on June 18, 2000, and that the Request for

Admissions be deemed admitted.

Respectfully Submitted

Richard H. Barker, IV #16798
Attorney at Law
3500 N. Hullen Street
Metairie, LA 70002
Telephone 504.456-8658

## CERTIFICATE OF SERVICE

I hereby certify that on this _4_ day of _January_, 2001 a copy of the

above and foregoing was served on all counsel by placing same in the United States Mail, postage

paid and properly addressed.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| Eddie Stewart | * | CIVIL ACTION NO.: 00-0005 |
| | * | |
| versus | * | SECTION: "N" |
| | * | |
| Radisson Hotel Corp., 1500 Canal Street Investors, | * | |
| L.P., Patriot American Hospitality Operating | * | MAGISTRATE: 2 |
| Partnership, L.P., and National Union Fire | * | |
| Insurance Company | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

—

## **NOTICE OF HEARING**

Please take notice that the foregoing will be heard on the *24th* day of

*January* , 2001 *at 11:03 AM*

Respectfully Submitted

Richard H. Barker, IV #16798
Attorney at Law
3500 N. Hullen Street
Metairie, LA 70002
Telephone 504.456-8658

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| Eddie Stewart | * | CIVIL ACTION NO.: 00-0005 |
| | * | |
| versus | * | SECTION: "N" |
| | * | |
| Radisson Hotel Corp., 1500 Canal Street Investors, | * | |
| L.P., Patriot American Hospitality Operating | * | MAGISTRATE: 2 |
| Partnership, L.P., and National Union Fire | * | |
| Insurance Company | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## **ORDER**

THE FOREGOING CONSIDERED, it is hereby ordered that defendant, Radisson Hotel

Corporation, file answers to plaintiff's requested discovery within (7) seven days. IT IS

FURTHER ORDERED that the Request for Admissions are deemed ADMITTED.

Thus done in New Orleans, Louisiana this _____ day of _____, 2001.


_____
Judge

```
················ MEMORY STORAGE REPORT ················ (JUN 18 '00 08:50PM) ············

                                            STEPHEN F HURSTELL

·········································································· (AUTO) ··········

  FILE  FILE TYPE        OPTION              TEL NO.            PAGE

  096   MEMORY TX                            5270023            16
```

```
·············································································

                                            REMAINING CALL CAPACITY 299

·············································································
```

## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

|                          |     |                           |
|--------------------------|-----|---------------------------|
| Eddie Stewart            | *   | CIVIL ACTION NO. 00-0005  |
|                          | *   |                           |
| versus                   | *   | SECTION: "N"              |
|                          | *   |                           |
| Radisson Hotel Corp.     | *   | MAGISTRATE 2              |
|                          | *   |                           |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### INTERROGATORIES

TO:   Radisson Hotel Corp
      Through counsel of record:
      Elizabeth O. Clinton
      Bastian & Brooks
      900 Poydras Street


EXHIBIT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

|  |  |  |
|---|---|---|
| Eddie Stewart | * | CIVIL ACTION NO.: 00-0005 |
| | * | |
| versus | * | SECTION: "N" |
| | * | |
| Radisson Hotel Corp. | * | |
| | * | MAGISTRATE: 2 |
| | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### INTERROGATORIES

TO:   Radisson Hotel Corp.
Through counsel of record:
Elizabeth O. Clinton
Bastian & Brooks
909 Poydras Street
Suite 1200
New Orleans, Louisiana 70112

Plaintiff, through undersigned counsel, pursuant to the applicable Rules of Civil Procedure,

propounds the following interrogatories to you to be answered under oath, competent to bind you

herein, within the time allowed by said rules.

### INTERROGATORY NO. 1:

Please state the name, last known address, and phone number of each and every person (other

than a treating or examining physician or other expert) who has or claims to have knowledge or is

reasonably expected by you to have knowledge regarding any facts or issues involved in this lawsuit,

indicating whether said persons may have been an eyewitness to the incident, or  knowledgeable of

other facts or issues, and the nature of such knowledge.

## INTERROGATORY NO. 2:

State the name, last known address, telephone number and job classification of any other person in who was either working in the vicinity of plaintiff or on duty in the area or otherwise present in the vicinity of plaintiff, including employees of the hotel and/or its contractors or agents, security and EMT personnel, and any customers/guests/invitees whose identity is known to you, who is known or believed to have been in the vicinity of the plaintiff at the time of the alleged casualty complained of herein.

## INTERROGATORY NO. 3:

Please state the full name, address and telephone number of the person answering this set of interrogatories and state the name, address and telephone number of each and every person contacted in securing the said answers.

## INTERROGATORY NO. 4:

Were any statements, oral or written, obtained from any person by you or any of your representatives in connection with the alleged injury or in connection with conditions which existed at the scene of the alleged injury prior to or at the time of the alleged injury? If so, please state from whom, and when such statements were obtained.

## INTERROGATORY NO. 5:

Did you, or anyone acting on your behalf, obtain a written, recorded, or oral statement from the plaintiff, and if so, state when it was obtained and by whom.

## INTERROGATORY NO. 6:

List and describe each document or copy of a document, regardless of its nature, which carries or purports to carry an original or facsimile signature of the plaintiff and is or has been in your control or custody, indicating the name, address, and job classification of the present custodian

of the original of each.

## INTERROGATORY NO. 7:

Please state whether you, your employees, agents, representatives, or contractors have employed the services of any person, firm or corporation to investigate, survey, conduct surveillance or otherwise monitor the activities of the plaintiff, and if so, please state the name and address of each person, the dates of same, the result thereof and, if any sound or photographic recording was made, please state the name and address of the present custodian thereof.

## INTERROGATORY NO. 8:

Please state whether or not any written or oral reports of the incident involved in this litigation were prepared by the defendant and/or any other person or investigator acting on behalf of the defendant or any other party.    Please identify any documents or sources relevant thereto to allow their production by normal discovery procedures.  Please consider this a request for production of such incident or accident report.

## INTERROGATORY NO. 9:

Do you, your attorney, or other representative have any photographs taken in connection with the plaintiff's injury or the matters and things involved in his claim or in this lawsuit?  If so, please describe same with particularity and indicate who took the photograph(s).

## INTERROGATORY NO. 10:

Did you have any safety or operating rules, regulations or recommendations pertaining to any activity involved in this lawsuit in effect at the time of plaintiff's casualty, and if so, please describe same

3

## INTERROGATORY NO. No. 11:

Please identify the owner and operator of the "Radisson" hotel on Canal St. in New Orleans, and describe in precise detail the work being performed by said owner, operator, and defendant on the day that the accident occurred and the name and address of each and every third party person, firm or corporation for whom defendant was working or who were working for defendant at all pertinent times hereto. If any contracts existed between defendant and such persons, please consider this interrogatory as a request for production of each and every said contract.

## INTERROGATORY NO. mental 12:

Please state in detail your contention of the manner in which the incident took place and all material facts and occurrences prior to, at the time of, and immediately after the accident. If you contend that you were not negligent in any way, state in detail what facts you rely upon to support your contentions.

## INTERROGATORY NO. 13:

If you contend that the plaintiff was contributorily negligent in any way, please specify in detail what facts you rely upon to support your contention.

## INTERROGATORY NO. 14:

If you contend that the plaintiff's accident or injuries were caused by the fault of third persons over whom you have no control or for whom you are not legally responsible, please provide the factual basis for such contention.

## INTERROGATORY NO. 15:

Please state the name and address of each and every physician or hospital known to you or reflected by your file to have attended the plaintiff before or following his accident. If you or anyone

4

on your behalf have obtained a medical report, hospital record, laboratory report, x-ray report, or other written document or report, relative to any examination, diagnosis, treatment, or prognosis of any injury alleged to have been sustained by the plaintiff at any time prior to or subsequent to the incident giving rise to his present lawsuit, please list and describe same. If the plaintiff underwent pre-employment or post-employment physical examinations, please state the name of the physician who performed each such examination and the date thereof.

### INTERROGATORY NO. 16:

At the time of the casualty involved herein, were there any policies of insurance insuring your liability for the type of risk sued on herein? Please describe any such insurance policy, including primary, reinsurance, surplus line or umbrella insurance policies of which you have knowledge, express or implied, insuring defendant against damages to third persons and in full force and effect on the date in question, stating for each policy:

     a. the name of the insurance company or club;
     b. the address of the insurance company or club;
     c. the name of all insured;
     d. the policy number;
     e. the term of the policy;
     f. what type of policy it was;
     g. the amount of coverage of the policy including policy limits and deductibles for personal injury, wrongful death, and property damage.

### INTERROGATORY NO. 17:

Please state the name, last known address and telephone number of each and every person who you intend to call as a witness at the trial of this case.

### INTERROGATORY NO. 18:

Please list and describe each exhibit which you may introduce prior to or during trial of this case.

### INTERROGATORY NO. 19:

Please provide the full name, last known address, telephone number and employer of each and every person, firm or corporation that performed services relative to the design, construction, or maintenance of the subfloor and carpeting in question: a) prior to initial construction; b) during and subsequent to initial construction, c) prior to any repairs, modifications or renovations, and d) during and subsequent to any repairs, modifications or renovations.

### INTERROGATORY NO. 20:

Please provide the full name, last known address, telephone number and employer of each and every person that has claimed to have stumbled or fallen on the floors of the facility in question, along with the dates of each alleged incident.

These interrogatories are deemed to be continuing, and supplemental answers are to be filed if appropriate under changing conditions.

Respectfully submitted:

RICHARD H. BARKER, IV, (16798)
101 W. Robert E. Lee Blvd., #401
New Orleans, LA 70124
Telephone No: (504) 282-0278

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the forgoing has been forwarded to opposing counsel via U.S. Mail, postage prepaid, this 19 Day of June, 2000.

6

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

|  |  |  |
|---|---|---|
| Eddie Stewart | * | CIVIL ACTION NO.: 00-0005 |
| | * | |
| versus | * | SECTION: "N" |
| | * | |
| Radisson Hotel Corp. | * | |
| | * | MAGISTRATE: 2 |
| | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

REQUEST FOR ADMISSIONS

TO: Radisson Hotel Corp.
    Through counsel of record:
    Elizabeth O. Clinton
    Bastian & Brooks
    909 Poydras Street
    Suite 1200
    New Orleans, Louisiana 70112

Plaintiff, through undersigned counsel, pursuant to the applicable Rules of Civil Procedure,

propounds the following Requests for Admissions to you to be answered under oath, competent to

bind you herein, within the time allowed by said rules.

REQUEST FOR ADMISSION NO. 1:

Please admit that plaintiff sustained an injury while present upon the premises in question

on the date alleged.

REQUEST FOR ADMISSION NO. 2:

Please admit that Radisson Hotel Corporation, or an affiliated entity was the owner and

operator of the premises in question on the date of the alleged accident.

7

REQUEST FOR ADMISSION NO. 3:

Please admit that plaintiff was not intoxicated at the time of the accident.

REQUEST FOR ADMISSION NO. 4:

Please admit that the walking surface of the hallway in question contained uneven raised portions and/or bumps underneath the carpet.

REQUEST FOR ADMISSION NO. 5:

Please admit that the plaintiff tripped on the uneven, raised section of the floor in question.

REQUEST FOR ADMISSION NO. 6:

Please admit that walking surface of the hallway in question would be safer if it did not contain uneven raised portions and/or bumps underneath the carpet.

REQUEST FOR ADMISSION NO. 7:

Please admit that the carpeting in question was not installed in compliance with the manufacturers instructions, guidelines and warnings.

REQUEST FOR ADMISSION NO. 8:

Please admit that floor way and carpeting in question were not constructed in accordance with the required engineering designs, plans, specifications, codes or performance standards sufficiently to constitute a material deviation upon completion of construction.

REQUEST FOR ADMISSION NO. 9:

Please admit that it was feasible to remove the uneven raised portions and/or bumps underneath the carpet prior to plaintiff's accident.

REQUEST FOR ADMISSION NO. 10:

Please admit that the floor way in question was in violation of applicable engineering

standards, construction, building and other codes;

REQUEST FOR ADMISSION NO. 11:

Please admit that petitioner was not afforded with any alternative safer means of ingress/egress to the elevator in question;

REQUEST FOR ADMISSION NO. 12:

Please admit that the floors in question were under your care, custody and control at the time of the incident in question

REQUEST FOR ADMISSION NO. 13:

Please admit that it is foreseeable that patrons walking upon the floor in question may be injured by falling due to a trip and fall on the uneven section of the floor.

REQUEST FOR ADMISSION NO. 14:

Please admit that the raised bumps under the carpet presented an unreasonable risk for a trip and fall, and were not readily visible to persons traveling the halls — constituting a hidden trap;

REQUEST FOR ADMISSION NO. 15:

Please admit that you did not maintain periodic "sweep sheets" for the floor in question.

REQUEST FOR ADMISSION NO. 15:

Please admit that you had actual or constructive knowledge of the forgoing conditions, and had the opportunity to remove some or all prior to petitioner's accident, and failed to do so.

Respectfully submitted:

RICHARD H. BARKER, IV, (16798)
101 Robert E. Lee Blvd., #401
New Orleans, LA 70124
Telephone No: (504) 282-0278

9

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the forgoing has been forwarded to opposing counsel

via U.S. Mail, postage prepaid, this _19_ Day of _June_____, 2000.

_Richard H Barker_

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| Eddie Stewart | * | CIVIL ACTION NO : 00-0005 |
| | * | |
| versus | * | SECTION: "N" |
| | * | |
| Radisson Hotel Corp. | * | |
| | * | MAGISTRATE: 2 |
| | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## REQUEST FOR PRODUCTION

TO:    Radisson Hotel Corp.
       Through counsel of record:
       Elizabeth O. Clinton
       Bastian & Brooks
       909 Poydras Street
       Suite 1200
       New Orleans, Louisiana 70112

Plaintiff, through undersigned counsel, pursuant to the applicable Rules of Civil Procedure,

requests the following documents and things be produced by you within the time allowed by said

rules.

(1) All reports of accident and/or injury made in connection with the incident made the basis

of this suit;

(2) All medical reports and hospital records in the possession of defendant and defendant's

attorney concerning plaintiff's physical condition, both before and after the accident in suit;

(3) All photographs taken by or on behalf of defendant or in defendant's possession

pertaining to the accident in suit or any issue in this lawsuit;

(4) All sketches or diagrams made by or on behalf of defendant or in defendant's possession

11

pertaining to the incident in suit or any issue in this lawsuit;

(5)  All experts' reports pertaining to the accident in suit or any issue in this lawsuit;

(6)  All statements taken by or on behalf of defendant or in the possession of the defendant;

(7)  All W-2's, payroll and earning records, including IRS records or Social Security Administration records pertaining to plaintiff's employment with any employer;

(8)  Plaintiff's complete personnel records pertaining to his employment with any employer if defendant possesses such records;

(9)  Any documents purporting to contain plaintiff's handwriting and/or signature;

(10) List of employees (including last known home address, telephone number and place of employment) working at the premises in question on the date of alleged accident, and for thirty days prior to and subsequent to said date;

(11) Sweep sheets or other cleaning or maintenance records relative to the premises in question on the date of alleged accident, and for thirty days prior to and subsequent to said date;

(12) Any records pertaining to actually performed, or recommended, planned or scheduled but not yet performed maintenance and repairs to the floors and/or carpeting in question as of the date of the accident in suit and for 180 days thereafter.

(13) Copies or photographs of any and all exhibits you intend to use in the trial of this matter.

(14)  A complete copy of any and all contracts and/or policies of insurance between defendant and any other party including liability insurance, primary, reinsurance, surplus line or umbrella insurance policies of which you have knowledge, expressed or implied.

(15)  A copy of each and every contract between defendant and any other person, firm or entity with whom defendant was working in any capacity on the date of the incident in question.

12

(16)    Copies of original and as-built blueprints, construction plans and diagrams for any and all original construction and for any and all subsequent repairs, modification or renovation of the floors and carpeting in question.

Respectfully submitted:

RICHARD H. BARKER, IV, (16798)
101 Robert E. Lee Blvd., #401
New Orleans, LA 70124
Telephone No: (504) 282-0278

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been forwarded to counsel of record by depositing copy of same in the U.S. Mail, postage pre-paid and properly addressed this 19 day of June, 2000.

RICHARD H. BARKER, IV

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

|  |  |  |
|---|---|---|
| Eddie Stewart | * | CIVIL ACTION NO.: 00-0005 |
| | * | |
| versus | * | SECTION: "N" |
| | * | |
| Radisson Hotel Corp. | * | MAGISTRATE: 2 |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

EXPERT INTERROGATORIES

TO      Radisson Hotel Corp.
        Through counsel of record:
        Elizabeth O. Clinton
        Bastian & Brooks
        909 Poydras Street
        Suite 1200
        New Orleans, Louisiana 70112

Plaintiff, through undersigned counsel, pursuant to the applicable Rules of Civil Procedure,

propounds the following Expert Interrogatories to be answered fully, in writing and under oath,

competent to bind you herein, within the time allowed by said rules:

1.

For each person defendant expects to call as an expert witness at the trial of this

matter, please state:

a)      The person's name, address and telephone number, employer's name,

        employer's address and employer's telephone number;

b)      The extent of said expert's formal education, including degrees earned, the

        names and address of all schools attended and the inclusive dates of

14

attendance;

c)  Gross income or earnings from employment and/or from any business operated by him and/or from any investments owned by him for the last five (5) years;

d)  Whether or not he has ever been arrested or convicted of a crime and if so, the date and place, the nature of the offence, including the charge and the reasons therefor, the caption and file number of the charge, the name of the parish or county and state, the disposition of the charge, the possible sentences for such charge, the actual sentence or fine imposed, the name of his attorney and the name of any witnesses involved;

e)  Whether the person has ever had a complaint made against him to any professional board or society, and if so, please specify what complaint was made and the basis therefore, along with the result of such claim or complaint;

f)  Whether the person has ever had a license or membership for any professional society or organization refused, denied, suspended or revoked, and if so, please state the reasons therefore;

g)  The person's qualifications in the area of expertise for which the testimony will be offered;

h)  The subject matter on which the expert is expected to testify;

i)  The substance of the facts to which the expert is expected to testify;

j)  The substance of the opinions upon which the expert is expected to testify;

15

k)    A summary of the grounds for each opinion to which the witness is expected to testify, specifically including all of the facts relied upon in reaching the conclusions or opinions;

l)    The nature, extent and results of any tests conducted with respect to any facts and/or opinions offered by such expert witness; and

m)    The nature, extent, findings and results of any investigations conducted by any such expert witness, or at the direction of any such expert witness, with respect to the facts and/or opinions which may be offered by the expert witness;

n)    Please list each document, text, treatise, survey or publication, chapter and page (including a description of the full name, date of publication, name and address of the publisher and edition), upon which defendant, its attorney or said expert may rely upon or use either in the formulation of said expert's opinion or as evidence at trial.

For each person retained by defendant to provide any expert opinion but who is not expected to be called as an expert witness at the trial of this matter, please state the person's name, address and telephone number; his employer's name, address and telephone number, as well as the area of his expertise.

Respectfully submitted:

RICHARD H. BARKER, IV, (16798)
101 Robert E. Lee Blvd., #401
New Orleans, LA 70124
Telephone No: (504) 282-0278

16

### RICHARD HOBBS BARKER, IV
ATTORNEY AT LAW
3500 North Hullen Street
Metairie, Louisiana 70002

RICHARD HOBBS BARKER, IV
A Professional Law Corporation

TELEPHONE  (504) 456-8658
FACSIMILE   (504) 456-8641

November 13, 2000

**<u>Via facsimile number 527.0023</u>**
Elizabeth O. Clinton
Bastian & Brooks
909 Poydras Street
Suite 1200
New Orleans, Louisiana 70112

Re:    Eddie Stewart v. Radisson hotel Corp.
USDC EDLA #00-0005, section "N", Magistrate 2

Dear Ms. Clinton,

As you know, I continue to await your response to our outstanding settlement offer (initially addressed 8/28/00 and more definitively on 10/5/00). Neither of us want to run out of time before we must go forward with pretrial discovery, etc. Please try to obtain authority from your client without further delay. I can not postpone activity on this file much longer.

With best wishes to you, I remain

Sincerely,

Richard H. Barker, IV

RHB:hp


EXHIBIT
"B"

RANSMISSION VERIFICATION REPORT

TIME : 11/13/2000 16:53

```
DATE,TIME          11/13 16:53
FAX NO./NAME       95816950
DURATION           00:00:19
PAGE(S)            01
RESULT             OK
MODE               STANDARD
                   ECM
```

# RICHARD HOBBS BARKER, IV
### ATTORNEY AT LAW
3500 North Hullen Street
Metairie, Louisiana 70002

RICHARD HOBBS BARKER, IV
A Professional Law Corporation

TELEPHONE  (504) 456-8658
FACSIMILE    (504) 456-8641

December 5, 2000

**<u>Via facsimile number 527.0023</u>**
Elizabeth O. Clinton
Bastian & Brooks
909 Poydras Street
Suite 1200
New Orleans, Louisiana 70112

        Re:    Eddie Stewart v. Radisson hotel Corp.
              USDC EDLA #00-0005, section "N", Magistrate 2

Dear Ms. Clinton,

      I am writing to confirm that we have conferred several times concerning both the prospects for settlement and your client's overdue responses to my outstanding discovery. Yesterday, you advised that you still had no settlement authority and that you were going to provide discovery responses promptly.

      With best wishes to you, I remain

                    Sincerely,

                    Richard H. Barker, IV

RHB:hp

# RICHARD HOBBS BARKER, IV
ATTORNEY AT LAW
3500 North Hullen Street
Metairie, Louisiana 70002

RICHARD HOBBS BARKER, IV
A Professional Law Corporation

TELEPHONE  (504) 456-8658
FACSIMILE  (504) 456-8641

December 18, 2000

**Via Fax: 527-0023**
Elizabeth O. Clinton
Bastian & Brooks
909 Poydras Street, Ste. 1200
New Orleans, LA 70112

RE:    Eddie Stewart v. Radisson Hotel Corp.
USDC EDLA #00-0005, Section "N", Magistrate 2

Dear Ms. Clinton:

As you know, I continue to await your client's responses to discovery in the referenced matter. I ask that you provide the said responses within the seven days from this date so that I can avoid filing a Motion to Compel the same.

Thank you for your prompt attention to this matter, I remain,

Very truly yours,

Richard H. Barker, IV

RHB/blg

# RICHARD HOBBS BARKER, IV
ATTORNEY AT LAW
3500 N. HULLEN ST.
METAIRIE, LA 70002

RICHARD HOBBS BARKER, IV
A Professional Law Corporation

TELEPHONE  (504) 456-8658
FACSIMILE  (504) 456-8641

## TRANSMISSION BY FACSIMILE

DATE: 12/18

TO: Elizabeth Clinton

COMPANY: Bastian & Brooks

FAX NO.: 527-0023          CONFIRMATION NO:

FROM: Richard Barker, IV

OUR REFERENCE:

SPECIAL MESSAGE: _____

_____

_____

_____

_____

No. of Pages Transmitted (including cover sheet): 2
Time: _____ CST

## CONFIDENTIALITY NOTICE

This facsimile transmission (and/or documents accompanying it) may contain confidential information belonging to the sender which is protected by the attorney-client privilege. The information is intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this information is strictly prohibited. If you have received this transmission in error, please notify us immediately by telephone to arrange for the return of the documents.

TRANSMISSION VERIFICATION REPORT

TIME : 12/18/2000 13:01

| | |
|---|---|
| DATE,TIME | 12/18 13:01 |
| FAX NO./NAME | 95270023 |
| DURATION | 00:00:31 |
| PAGE(S) | 02 |
| RESULT | OK |
| MODE | STANDARD |
| | ECM |